**UNITED STATES of America,**
**Appellee,**

v.

**Henry BOONE, Defendant–Appellant.**

**No. 04–2877.**

United States Court of Appeals,
Second Circuit.

Feb. 7, 2005.

Jillian S. Harrington, Rochman Platzer Fallick, Sternheum Luca & Pearl, LLP, (Barry M. Fallick, on the brief), New York, NY, for Appellant.

Joshua A. Goldberg, Assistant United States Attorney for the Southern District of New York, (David N. Kelley, United States Attorney for the Southern District of New York, Laura Grossfield Birger, Assistant United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee, of counsel.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

*SUMMARY ORDER*

Henry Boone appeals from a judgment entered in the United States District Court for the Southern District of New York (Patterson, *J.*) on May 19, 2004. Boone was found guilty by a jury of the following counts: (i) distributing and possessing with intent to distribute cocaine base, or "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(2), and 18 U.S.C. § 2; (ii) using and carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (iii) possessing a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k) and 2; (iv) possessing a firearm following three prior convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2; and (v) possessing ammunition following three prior convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2. We assume that the parties are familiar with the facts, the procedural context,

---

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

and the specification of the issues on appeal.

Boone raises four arguments on appeal: (1) Was the evidence sufficient to sustain the convictions? (2) Did the district court commit plain error in denying Boone's request to withdraw its charge regarding aiding and abetting with respect to charges one, two, and three? (3) Was Boone denied effective assistance of counsel due to his attorney's failure to timely object to the aiding and abetting charge? (4) Was Boone sentenced in violation of his Sixth Amendment rights?

## I.

■ This court reviews a claim of insufficient evidence *de novo. United States v. Reyes,* 302 F.3d 48, 52–53 (2d Cir.2002). A jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Autuori,* 212 F.3d 105, 114 (2d Cir.2000) (internal quotation marks and citation omitted), and must "view[ ] all of the the evidence in the light most favorable to the government," *United States v. Aleskerova,* 300 F.3d 286, 292 (2d Cir.2002), and "resolve all issues of credibility in favor of the jury's verdict," *United States v. Desena,* 287 F.3d 170, 177 (2d Cir.2002) (internal quotation marks and citation omitted).

The jury clearly could have credited Boone's written confession, the police's testimony, and the physical evidence, notwithstanding some minor inconsistencies in testimony.

## II.

■ As to aiding and abetting, Boone failed to object to that charge prior to jury deliberations; so we review his claim for plain error. *See* Fed.R.Crim.P. 30(d).

The decision to charge the jury as to aiding and abetting was not in error, let alone plain error. When a case is tried under two alternative theories of guilt, the conviction is affirmed so long as the evidence was sufficient to sustain a conviction under either one of those theories. *See, e.g., Griffin v. United States,* 502 U.S. 46, 60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); *United States v. Becerra,* 97 F.3d 669, 672 (2d Cir.1996) (finding "conviction as an aider and abettor was not erroneous since the jury had ample evidence on which to convict [the defendant] as a principal"); *United States v. Knoll,* 16 F.3d 1313, 1323 (2d Cir.1994) ("an indictment charging aiding and abetting may be proven by demonstrating that the aider and abettor was in fact a principal") (internal citation omitted); *United States v. Peterson,* 768 F.2d 64, 67 (2d Cir.1985) (stating that conviction could be valid "even if some jurors believed that [defendant] and other jurors believed that [a co-defendant] was the aider or abettor.. the jury would still have been unanimous in finding that the acts proved to have been committed by [defendant] were sufficient to make him guilty as a principal"). Because the evidence was sufficient to convict Boone as a principal, the inclusion of the aiding and abetting charge was not erroneous.

## III.

As to inadequate counsel, such claims are not usually considered on direct appeal, because habeas corpus is a superior vehicle for such claims; however an appellate court on direct review can decide such a claim. *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003). Here both parties urge the court to decide the issue, and we agree to do so because the claim's "resolution is beyond any doubt" and "to do so would be in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d

Cir.2003) (internal quotation marks and citations omitted).

To establish ineffective assistance of counsel, a defendant must show: (1) that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) prejudice from that defective performance. *Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.. that course should be followed." *Id.* at 697, 104 S.Ct. 2052.

Here, defendant cannot show a "reasonable probability," *see id.* at 694, 104 S.Ct. 2052, that but for his counsel's failure to timely object to the jury instruction, the result of the trial would have been different. Boone notes that the jury asked for clarification on the aider and abettor definition, and argues therefore that some jurors might have found guilt under that theory. First, as the evidence of Boone's guilt was so compelling, the probability that any earlier objection by counsel would have made any meaningful difference is not "sufficient to undermine confidence in the outcome." *Id.* Additionally, as the judge thoroughly considered the objection at the time it was made, this Court cannot say that there was a reasonable probability that the district judge would have changed the charge even had it been timely raised.

## IV.

Boone also alleges that his sentence violated his Sixth Amendment rights. In light of the Supreme Court's recent opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we conclude that the case must be remanded to the district court for proceedings consistent with this Circuit's recent decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

For the foregoing reasons, the judgment of conviction is hereby AFFIRMED and the case is REMANDED for further proceedings regarding sentencing consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).