**UNITED STATES of America,**
**Appellee,**

v.

**Dennis Antonio DOMINGUEZ–HERNANDEZ, also known as El Negro, Defendant–Appellant.**

**No. 05–1870–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 21, 2005.

**58**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Richard P. Donoghue, Assistant United States Attorney for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, on the brief), New York, N.Y., for Appellee.

David A. Lewis of the Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, N.Y., for Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Dennis Antonio Dominguez–Hernandez ("Appellant"), who pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), appeals the final judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*), which sentenced Appellant to an 86–month term of incarceration. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we "review sentencing decisions for unreasonableness." *Id.* at 767. This standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). More often, a reasonableness challenge will require us to "focus primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *Canova*, 412 F.3d at 350; *see also Booker*, 125 S.Ct. at 766 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable").

In the case before us, the district court paid sufficient attention to all of the relevant § 3553(a) considerations in sentencing Appellant to an 86–month term of imprisonment. First, the district court properly used, as its starting point, the applicable Sentencing Guidelines range of 77 to 96

months. *See* § 3553(a)(4) (requiring consideration of the sentencing range established by the federal guidelines). This guidelines range was calculated on the basis of findings developed in the presentence report, which Appellant concedes is free of error. The sentencing judge also expressly took account of Appellant's extensive criminal history, settling on a sentence within the applicable guidelines range but deciding not to impose a sentence at the upper bound of the range because of evidence that Appellant regretted, and had recently renounced, his gang affiliation. *See* § 3553(a)(1) (mandating that district courts consider the "history and characteristics of the defendant"). Moreover, the district court's order that Appellant receive substance and alcohol therapy if he remained in the United States after serving his prison term—notwithstanding the court's instruction that Appellant be deported immediately after he is released from prison—demonstrates the court's awareness of Appellant's individual circumstances. *Cf. United States v. Webb*, 403 F.3d 373, 385 (6th Cir.2005) (validating the reasonableness of the defendant's sentence, which included drug treatment and a GED program while in prison, partly on the basis of the district court's concern "not only with ensuring that the imposed sentence protects public safety, but also that it meets [the defendant's] needs." (citing, *inter alia*, 18 U.S.C. § 3553(a)(2)(D) ("The court, in determining the particular sentence to be imposed, shall consider ... (2) the need for the sentence imposed ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.")). Finally, the court stressed that the sentence served many of the enumerated objectives identified in § 3553(a)(2), and explicitly acknowledged the advisory character of the federal Sentencing Guidelines after *Booker* and its progeny. Accordingly, we conclude that the district court faithfully discharged its post-*Booker* obligations, and that its 86–month sentence was not unreasonable.[1]

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

---

1. In his briefing to us, Appellant argues that we should conclude that his seven-year prison sentence is "greater than necessary to comply with the purposes" set out in the statute (and is therefore unreasonable), and impose instead a five-year term, which Appellant posits as reasonable. Inquiries of this kind, above and apart from our evaluation of whether the district court sufficiently considered the § 3553(a) factors germane to the case at hand, would constitute the type of "micromanagement" we have previously cautioned against. *See Fleming*, 397 F.3d at 100 ("The appellate function in this context should exhibit restraint, not micromanagement. In addition to their familiarity with the record, including the presentence report, district judges have discussed sentencing with a probation officer and gained an impression of a defendant from the entirety of the proceedings, including the defendant's opportunity for sentencing allocution. The appellate court proceeds only with the record. Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently.").

Appellant also claims, in his brief, that he is "not the typical Category VI offender," and that his prior offenses were not as "serious" as crimes for which a defendant ordinarily receives that designation. This too is unavailing. We have observed that under the Sentencing Guidelines, an individual's criminal history classification does not attempt to gauge the seriousness of prior crime, but rather seeks to " 'estimate[] the likelihood of recidivism.' " *United States v. Morris*, 350 F.3d 32, 37 (2d Cir.2003) (quoting *United States v. Campbell*, 967 F.2d 20, 24–25 (2d Cir.1992)).