**UNITED STATES of America,**
**Appellee,**

v.

**Gallipote RIVERA, also known as the Doctor, also known as 171 Code, and Christian del Rosario, also known as Jimmy L. Bruce, Defendants–Appellants.**

Nos. 05–6908–cr (L), 06–3118–cr CON.

United States Court of Appeals,
Second Circuit.

April 11, 2008.

Edward D. Wilford, New York, NY, for Defendant–Appellant Rivera; Brenda E. Cooke (Christina M. McGill, Steven M. Witzel, Sabita Kishnan, on the brief), Fried, Frank, Harris, Shriver & Jacobson LLP, New York, N.Y. for Defendant–Appellant Del Rosario.

Katherine Polk Failla, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Christopher P. Conniff, Christopher L. Garcia, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Gallipote Rivera and Christian Del Rosario were convicted, after a jury trial, of committing and aiding and abetting respectively the murders of Marcos Agramonte and Orquides Palmero, in furtherance of Del Rosario's drug enterprise. The Government alleged that Del Rosario hired Rivera as a hit man to kill Agramonte and Palmero who were two rival drug dealers. Defendants Rivera and Del Rosario appeal from judgments of conviction sentencing each principally to two concurrent terms of life imprisonment for Counts One and Two and a consecutive term of ten years' imprisonment for Count Three. In his appeal, Rivera contests the conviction on a number of grounds relating to the joint trial, including the Court's instruction to the jury regarding Del Rosario's indictment for aiding and abetting murder with respect to Rivera's indictment for committing murder; the admission of his proffer statements; and the denial of his request for a separate trial. Additionally, he alleges the erroneous admission of evidence of his involvement in drug dealing after allegedly committing the murders. In his appeal, Del Rosario contests his conviction on the following grounds: sufficiency of the evidence to prove the enter-

prise motive under 18 U.S.C. § 1959(a); the Court's instruction to the jury that self-defense was not at issue in this case; and the Court's refusal to admit evidence of a prior inconsistent statement. We assume the parties' familiarity with the facts and the procedural history of the case.

■ Rivera's arguments are without merit. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Rivera was not only indicted together with Del Rosario, but his alleged crime was also closely connected to that of Del Rosario. "This preference [for joint trials] is particularly strong where ... the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh,* 152 F.3d 88, 115 (2d Cir.1998). Rivera's argument that he suffered spillover prejudice from admission at the join trial of evidence concerning Del Rosario's drug dealing is without merit because that evidence would have been admissible against Rivera even if he had been tried alone to prove the existence of the enterprise in furtherance of which he murdered Agramonte and Palmero. *See, e.g., United States v. DiNome,* 954 F.2d 839, 843 (2d Cir.1992).

As for Rivera's contention that the Court's instructions to the jury improperly linked the question of his guilt to that of Del Rosario, we review jury instructions *de novo. Hudson v. New York City,* 271 F.3d 62, 67 (2d Cir.2001). Rivera raised no objection to the aiding-and-abetting charge before the District Court; we therefore review this challenge only for plain error. Del Rosario was charged with aiding and abetting the murders of Agramonte and Palmero which, under the Government's theory at trial, were committed by Rivera. "[T]he defendant [charged with aiding and abetting] must act with the specific intent of facilitating or advancing the principal's commission of the underlying crime." *United States v. Frampton,* 382 F.3d 213, 223 (2d Cir.2004). It follows that, in order to find Del Rosario guilty of the alleged crime as charged, the jury must also find Rivera—the alleged principal—guilty. Thus, the District Court's charge to this effect did not constitute error, much less plain error.

Rivera also contends evidence of his post-murder narcotics trafficking was improperly admitted for the purpose of establishing the enterprise and Rivera's position in it after the murders. We have noted in racketeering cases that the District Court has "broad discretion regarding the admissibility of evidence," including evidence that is "probative of the existence, organization, and nature of the RICO enterprise." *United States v. Wong,* 40 F.3d 1347, 1378 (2d Cir.1994). We find no error in the admission of this evidence.

■ Rivera also contests the admission of his proffer statements for the purpose of impeachment. A defendant's waiver in a proffer agreement "waives his exclusionary privilege under Federal Rule of Evidence 410 [and] permit[s] the Government to introduce defendant's proffer statements to rebut contrary evidence or arguments presented by the defense, whether or not defendant testifies." *United States v. Velez,* 354 F.3d 190, 196 (2d Cir.2004). Here, Rivera planned to testify and provide evidence to contrary to that of the Government after having waived his exclusionary privilege in the earlier proffer agreements. We find no error or abuse of discretion by the District Court in the admission of Rivera's proffer statements. To the extent Rivera argues that his participation in the proffer session was the result of the ineffective assistance of counsel representing him in a separate case,

58

this appeal is not the appropriate forum for us to decide the issue. *See United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (and cited cases).

■ Del Rosario's arguments are similarly without merit. He argues that the Government failed to prove that he hired Rivera to murder Agramonte and Palmero in aid of racketeering pursuant to 18 U.S.C. § 1959(a)(1); he contends that the evidence tended to prove that his motive was the nonenterprise-related motive of self-defense. "[A] defendant making an insufficiency claim bears a very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). Del Rosario's argument fails because it is not necessary for the Government to prove that defendant was motivated *primarily* "for the purpose of ... maintaining or increasing [his] position in an enterprise." 18 U.S.C § 1959(a); *see United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir.1992) ("[W]e reject any suggestion that the 'for the purpose of' element requires the government to prove that maintaining or increasing position in the RICO enterprise was the defendant's sole or principal motive."). The Government presented evidence that Del Rosario's motives for the murders were not only based on self-preservation, but also on preservation of the enterprise.

■ Del Rosario's arguments that the District Court improperly instructed the jury that self-defense was not at issue in this case also fail. As he admits, Del Rosario never raised an affirmative defense of self-defense and did not argue that he acted in self-defense during the presentation of his case.

■ Finally, Del Rosario argues that the District Court erred in excluding evidence that one of the Government's witnesses allegedly committed a murder he did not disclose to the Government. This alleged murder was not connected to the murders at issue in the trial and was clearly a collateral matter. "A witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral, *i.e.*, as to those matters which are relevant to the issues in the case and could be independently proven." *United States v. Blackwood*, 456 F.2d 526, 531 (2d Cir.1972). The evidence was properly excluded as collateral.

## CONCLUSION

Upon a review of the record and the relevant law, we detect no error in the District Court's judgments of December 21, 2005 (Rivera) and June 27, 2006 (Del Rosario). We have considered all of defendants' claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the District Court.