UNITED STATES of America, Appellee,

v.

Patricia MORRIS, Defendant–Appellant,

Docket No. 02–1657.

United States Court of Appeals, Second Circuit.

Argued: Oct. 24, 2003.

Decided: Nov. 13, 2003.

J. Scott Porter, Seneca Falls, NY, for Appellant.

Krishna R. Patel, Assistant United States Attorney (Jeffrey R. Meyer, Assistant United States Attorney, of counsel; Kevin J. O'Connor, United States Attorney, on the brief), Office of the United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Before: McLAUGHLIN, CABRANES, and SACK, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Defendant-appellant Patricia Morris ("defendant") appeals from a judgment of conviction entered on October 18, 2002 by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), following her guilty plea to one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7). Between 1997 and 1999, defendant obtained personal information from three women while caring for them as a home health aide, and used the information to open unauthorized credit card accounts, on which she made purchases. The three women were in their eighties and nineties, and two of them suffered from Alzheimer's disease or dementia. Defendant also opened an unauthorized credit card account using the personal information of a fourth woman, who had hired defendant to assist her in opening a nursing home. Defendant had a prior conviction: In 1992, she pleaded guilty in Florida to two counts of grand theft, resulting from an incident in which she and an accomplice used threats and force in an attempt to misappropriate $20,000 in savings bonds from two elderly and mentally disabled women, a mother and a daughter.

■ Defendant appeals her sentence of 46 months' imprisonment, arguing that (1) the District Court improperly "double counted" the 1992 grand theft conviction by making upward departures pursuant to both U.S.S.G. §§ 3A1.1[1] and 4A1.3;[2] (2) the Court failed to make "individualized findings" supporting its upward departure under section 3A1.1; (3) defendant's 1992 conviction was an insufficient basis for an upward departure under section 4A1.3; (4) the District Court incorrectly imposed an abuse-of-trust enhancement pursuant to section 3B1.3;[3] and (5) defendant did not

1. In reviewing the District Court's sentencing decision, we apply the version of the Guidelines in effect on the date that defendant was sentenced, 18 U.S.C. § 3553(a)(4)(A), unless doing so would violate the *ex post facto* clause of the United States Constitution, which occurs when the version of the Guidelines in effect at the time of sentencing is more "severe" than the version in effect when the offense was committed. *United States v. Gonzalez*, 281 F.3d 38, 45 (2d Cir.2002). Because the provisions of the Guidelines at issue here underwent no changes in severity between defendant's commission of her offenses, in 1997 to 1999, and her sentencing on October 15, 2002, we apply the version of those provisions in effect on that date.

U.S.S.G. § 3A1.1(b)(1), "Hate Crime Motivation or Vulnerable Victim," provided on the date of sentencing (and currently provides): "If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." Application Note 4 to section 3A1.1, at issue in this appeal, states that, "[i]f an enhancement from subsection (b) applies and the defendant's criminal history includes a prior sentence for an offense that involved the selection of a vulnerable victim, an upward departure may be warranted."

2. U.S.S.G. § 4A1.3, "Adequacy of Criminal History Category," provided on the date of defendant's sentencing:

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
(a) prior sentence(s) not used in computing the criminal history category (*e.g.*, sentences for foreign and tribal offenses);
(b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions;
(c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;
(d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense;
(e) prior similar adult criminal conduct not resulting in a criminal conviction.
A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.
The United States Sentencing Commission submitted amendments to Congress, effective October 27, 2003, modifying section 4A1.3. The amended section 4A1.3(a)(1), similar to its predecessor, provides in part: "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."

3. U.S.S.G. § 3B1.3, "Abuse of Position of Trust or Use of Special Skill," provided on the date of defendant's sentencing (and currently provides):

If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. If this adjustment is based upon an abuse of a position of trust, it may be employed in addition to an adjustment under § 3B1.1 (Aggravating Role); if this adjustment is based solely in the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1 (Aggravating Role).

receive effective assistance of counsel at sentencing.

## I. Background

The District Court determined that the applicable guidelines range was imprisonment for 37 to 46 months, based on an offense level of 20 and a criminal history of Category II. The 20–point offense level included a 2–point enhancement pursuant to section 3B1.3 for abuse of a position of trust, as well as a 2–point upward departure to account for defendant's past exploitation of vulnerable victims, as authorized under Application Note 4 to section 3A1.1. The District Court placed defendant within Criminal History Category II based on defendant's 1992 conviction, which resulted in a sentence of two years' probation. While this conviction standing alone would place defendant within Criminal History Category I, the District Court made an upward criminal history category departure, as authorized by section 4A1.3, on the ground that Criminal History Category I underrepresented the seriousness of the offense and defendant's risk of recidivism. The District Court sentenced defendant principally to imprisonment for 46 months, at the upper limit of the applicable range.

## II. Discussion

■ Because defendant did not raise her claims of error before the District Court, we review for plain error. Under plain error review, "this Court must determine whether there was: 1) an error; 2) that was plain; 3) that affected [defendant's] 'substantial rights;' and 4) that 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Henry,* 325 F.3d 93, 100 (2d Cir.), *cert. denied sub nom. Panek v. United States,* — U.S. —, 124 S.Ct. 203, 157 L.Ed.2d 194 (2003) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113

S.Ct. 1770, 123 L.Ed.2d 508 (1993)). It follows, of course, that if no error is committed in the first place, a court need not undertake an analysis of the other factors constituting plain error. *See United States v. Quintieri,* 306 F.3d 1217, 1234 (2d Cir.2002), *cert. denied sub nom. Donato v. United States,* 531 U.S. 899, 121 S.Ct. 233, 148 L.Ed.2d 167 (2000).

### A. Double Counting

■ Defendant first argues that the District Court erred in making upward departures pursuant to both section 4A1.3 and Application Note 4 to section 3A1.1, impermissibly double counting her 1992 conviction for grand theft.

Application Note 4 to section 3A1.1 permits a court to make an upward departure where the defendant "knew or should have known that a victim of the offense was a vulnerable victim," and where, additionally, "the defendant's criminal history includes a prior sentence for an offense that involved the selection of a vulnerable victim." The District Court added two points to defendant's offense level, based in part on a finding that the offense for which she was convicted in Florida in 1992 involved the selection of a vulnerable victim.

Section 4A1.3 provides in relevant part that, "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." The District Court made an upward departure to Criminal History Category II, upon finding that Category I did not adequately reflect the seriousness of the offense or the risk of recidivism.

Defendant does not argue that it is impermissible to count the same conduct—

the facts underlying her 1992 conviction—twice in computing her sentence. Rather, she argues that the District Court's use of both section 3A1.1 and section 4A1.3 was impermissible because departure under each section depended not just on the same act but also on the same rationale—punishment for targeting vulnerable victims. On this basis, defendant attempts to distinguish her case from *United States v. Campbell*, 967 F.2d 20 (2d Cir.1992), in which we stated that "double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis." *Id.* at 25; *see also id.* at 24 ("[I]t may be appropriate to count a single factor both in assessing the defendant's criminal history category and in calculating the applicable offense level since the two measure different things.").

We have recently stated that, "[a]s long as the court does not augment a sentence 'in contravention of the applicable statute or Sentencing Guideline,' no forbidden double counting occurs." *United States v. Meskini*, 319 F.3d 88, 91 (2d Cir.), *cert. denied sub nom. Haouari v. United States*, —— U.S. ——, 123 S.Ct. 2240, 155 L.Ed.2d 1125 (2003) (quoting *United States v. Pedragh*, 225 F.3d 240, 243 (2d Cir.2000)). Defendant has offered nothing in the Sentencing Guidelines or relevant statutes reflecting an intent to preclude the double counting the District Court employed, and has therefore not shown any impermissible double counting. *See United States v. Aska*, 314 F.3d 75, 78–79 (2d Cir.2002) (endorsing the view held by other circuits that "the failure of the Sentencing Commission to express an exception—where it has explicitly done so in other contexts—indicates that no exception should be implied" to prohibit double counting).

Moreover, the District Court's upward departures pursuant to sections 3A1.1 and 4A1.3 focused on distinct aspects of defendant's prior criminal conduct, and, contrary to defendant's assertion, were based on different rationales for sentencing. In upwardly departing under section 3A1.1, the District Court focused on defendant's past abuse of vulnerable victims. *See Campbell*, 967 F.2d at 24 ("The offense level represents a judgment as to the wrongfulness of the particular act."). In departing under section 4A1.3, the Court stated not only that the 1992 conviction was based on "an offense of both actual and threatened violence"—an element of seriousness not taken into account by the vulnerable victim departure—but also found that, in light of defendant's pattern of exploitation, Criminal History Category I "understate[d] the likelihood that the defendant would be a recidivist." *See id.* ("The criminal history category principally estimates the likelihood of recidivism."). We therefore cannot say that the District Court erred in making upward departures pursuant to both section 3A1.1 and section 4A1.3.

**B. Sufficiency of Basis for Upward Departure Under Section 3A1.1**

Defendant further argues that the District Court committed plain error by failing to make "individualized findings" in support of its vulnerable victim departure under section 3A1.1. Defendant quotes *United States v. McCall*, 174 F.3d 47, 50 (2d Cir.1998), where we stated that "broad generalizations about victims based upon their membership in a class are disfavored where a very substantial portion of the class is not in fact particularly vulnerable to the crime in question." Here, the District Court's determination that defendant's Florida victims were vulnerable was not based merely on their age. The complaint affidavit reveals that both victims were "not fully competent," that one of the victims "had no idea what was happening,"

and that defendant and her accomplice had been to the victims' residence on a separate occasion to have them sign over checks. The District Court did not err, much less plainly err, in finding that defendant had selected vulnerable victims in her 1992 offense.

### C. Sufficiency of Basis for Upward Departure Under Section 4A1.3

■ Defendant also argues that the 1992 conviction is an insufficient basis for an upward departure under section 4A1.3, but she provides no legal authority supporting her argument. Moreover, the Presentence Report noted an arrest in 2001 for another episode involving defendant's exploitation of a vulnerable victim, in which defendant wrongfully obtained a credit card from a physically disabled adult. The criminal charges were ultimately dismissed in return for defendant's payment of restitution and a $500 fine. This episode, like the 1992 grand theft conviction, is relevant to defendant's risk of recidivism, and we cannot say that the District Court erred in upwardly departing under section 4A1.3.

### D. Abuse of Trust

■ Defendant further contends that the District Court erred in enhancing her sentence pursuant to section 3B1.3, which provides for a two-point increase in offense level "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." Defendant claims that she did not occupy a position of trust with respect to her victims, or use such a position to facilitate her offenses.

Application Note 1 to section 3B1.3 explains:

"Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature. For this enhancement to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (*e.g.*, by making the detection of the offense or the defendant's responsibility for the offense more difficult).

U.S.S.G. § 3B1.3, cmt. (n.1). Defendant's position as a home health aide gave her continuous access to the homes of her elderly and mentally disabled victims, and relatively unsupervised discretion over their daily care. Their reliance on defendant for their day-to-day needs provided her with the ability to misappropriate their personal information and to cover up the misappropriation after it occurred. The undisputed facts amply support the District Court's conclusion that she was subject to the two-level increase of section 3B1.3 for having thus exploited her position of trust to commit the crimes of conviction.

■ Nor are we persuaded that defendant's "entry-level" position was too "menial" to qualify as a position of trust; "[a]n employee need not have a fancy title or be a 'big shot' in an organization to qualify for an enhancement for abuse of a position of trust." *United States v. Allen*, 201 F.3d 163, 166 (2d Cir.2000); *see also United States v. Barrett*, 178 F.3d 643, 646 (2d Cir.1999) (noting that abuse-of-trust adjustment has been applied to police officers, security guards, babysitters, custodians, and truck drivers). The District Court therefore did not err when it en-

hanced defendant's sentence for her abuse of a position of trust.

## E. Ineffective Assistance of Counsel

 Defendant's final argument is that she was unconstitutionally deprived of effective assistance of counsel at sentencing. Under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to establish such a violation, a defendant must show that (1) "counsel's performance was deficient" such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, 104 S.Ct. 2052; and (2) "the deficient performance prejudiced the defense," *id.*, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us. *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000). In light of our "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir.1998), and the Supreme Court's recent statement that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003), we decline to review defendant's claim of ineffective assistance of counsel on the record now before us. Defendant may pursue this claim in a § 2255 petition. *See*

*United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003).

## III. Conclusion

For the reasons set forth above, we dismiss without prejudice defendant's claim for ineffective assistance of counsel at sentencing. We have considered all of defendant's other arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is hereby affirmed.