08-3241-cr
USA v. Washington

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

Present:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                              No. 08-3241-cr

ROBERT WASHINGTON,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:    James M. Branden, New York, NY

For Appellee:               Susan Corkery and David Bitkower, Assistant United States Attorneys *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Robert Washington appeals from a 42-month sentence imposed in the district court, following his plea of guilty to being a previously-convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the facts and procedural history of the case.

We review defendant's sentence for reasonableness, "a deferential standard limited to identifying abuse of discretion." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). This "review proceeds in two steps: first, we must ensure that the district court committed no significant procedural error, and second, if we find the sentence to be procedurally sound, we must take into account the totality of the circumstances and consider the substantive reasonableness of the sentence." *Id.* (internal quotation marks omitted).

Washington argues that his sentence was unreasonable because the district court should not have departed upward from the Sentencing Guidelines imprisonment range of 27 to 33 months provided for an offense level of 12 and criminal history category V. He contends that the upward departure based on his criminal history was unreasonable because (1) his criminal history is "garden variety" for criminal history category V; (2) many of his criminal history points stemmed from a purportedly "minor offense"; and (3) the court relied on impermissible factors to conclude that criminal history category V substantially under-represented the seriousness of Washington's criminal history or the likelihood of recidivism.

Washington's arguments are without merit. In this case, the district court properly determined that criminal history category V "substantially under-represents the seriousness of the

defendant's criminal history or the likelihood that the defendant will commit other crimes," U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), given that: (1) Washington's criminal history score did not fully reflect the seriousness of many of his prior convictions because either the convictions were too old or the sentences did not adequately reflect the seriousness of the underlying conduct, *see United States v. Reifler*, 446 F.3d 65, 112 (2d Cir. 2006); (2) although not resulting in convictions, Washington had committed many offenses similar to the instant offense, *see United States v. Morris*, 350 F.3d 32, 38 (2d Cir. 2003); (3) Washington had never been regularly employed, suggesting that he was likely to continue making a living on criminal activity, *see United States v. Franklyn*, 157 F.3d 90, 100 (2d Cir. 1998); (4) Washington had not been deterred from criminal conduct by prior lenient sentences, *see United States v. Gayle*, 389 F.3d 406, 410 (2d Cir. 2004); and (5) Washington, on many instances, engaged in criminal conduct while on probation or a suspended sentence, *id.* at 410-11. In these circumstances, we find no error in the district court's conclusion that criminal history category V did not accurately reflect the seriousness of Washington's criminal history or risk of recidivism. Moreover, reviewing the totality of the circumstances, including Washington's extensive criminal record, his many offenses similar to the instant offense, his recidivism after being shown leniency in the past, and his propensity for committing crimes while on probation or a suspended sentence, we find that the district court's sentence was reasonable in the totality of the circumstances.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK