08-6096-cr
United States v. Rodriguez

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

LUIS DEJESUS, SIXT POLANCO, also known
as MANNY, also known as LUIS ACEVEDO,

> *Defendants*,

JOSE RAFAEL RODRIGUEZ, also known as OLD
MAN, also known as ANGEL RAMIREZ-PELLOT,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

No. 08-6096-cr

**FOR APPELLANT:** Jose Rafael Rodriguez, *pro se*, Phillipsburg, PA.

---

[*] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

1

**FOR APPELLEES:**                    Robert M. Spector, Assistant United States Attorney, (Nora R. Dannehy, United States Attorney, and William J. Nardini, Assistant United States Attorney, *on the brief*) United States Attorney's Office for the District Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant appeals from the December 9, 2008 judgment of the District Court, convicting defendant, following a jury trial, of one count of conspiracy to possess and distribute heroin, in violation of 21 U.S.C. § 846, and sentencing him principally to 51 months' imprisonment. Defendant also moves for leave to file a *pro se* supplemental brief. On appeal, defendant argues (1) that the District Court erred in admitting certain allegedly prejudicial evidence; (2) that the District Court erred in permitting the Government to present evidence of a controlled purchase involving a non-testifying cooperating witness; (3) that the evidence presented at trial was insufficient to support defendant's conviction; (4) that the Government violated its proffer agreement; (5) that the jury was not a representative cross-section of the community; and (6) that a juror was biased. We assume familiarity with the underlying facts and procedural history of this case.

First, we consider whether the District Court erred in admitting evidence that defendant had previously packaged heroin. We review the evidentiary rulings of the District Court for abuse of discretion. *See United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal alteration, citations, and quotation marks omitted)).

Evidence may "be received at trial for any purpose other than to attempt to demonstrate the defendant's 'criminal propensity.'" *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003) (quoting *Garcia*, 291 F.3d at 136). To determine if the trial court properly admitted evidence pertaining to other acts, we consider whether: (1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an appropriate limiting instruction. *Id.* (citing *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992)).

Here, the Government properly sought admission of evidence that defendant had previously packaged heroin in order to prove defendant's knowledge that the substance he was handling was heroin. We conclude that this evidence was offered both for a proper purpose and was relevant to a

disputed trial issue—namely, defendant's knowledge that he was handling heroin. The District Court also gave a limiting instruction ensuring that the jury considered the evidence only for that purpose. With the District Court's limiting instruction, we readily conclude that the evidence was more probative than prejudicial. Accordingly, we conclude that the District Court did not err in admitting this evidence.

Next, we consider whether the District Court erred in allowing testimony pertaining to a controlled purchase involving a non-testifying cooperating witness. Because defendant did not object at trial, we review the District Court's admission of this evidence for plain error. *See United States v. Morris*, 350 F.3d 32, 36 (2d Cir. 2003). We can discern no error, much less plain error, in allowing law enforcement officers to testify at trial regarding a controlled purchase. Accordingly, we conclude that the District Court did not err in allowing this testimony.

Also, we consider whether the evidence presented at trial was sufficient to support defendant's conviction. Because "the task of choosing among competing, permissible inferences is for the [jury and] not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001), we are required to review the evidence "in the light most favorable to the government," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and "resolve all issues of credibility in favor of the jury's verdict," *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002). *See generally Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). At trial, the Government introduced evidence that could support the jury's verdict. Applying the deferential standard set forth above, we conclude that there was sufficient evidence to support the jury's guilty verdict challenged here.

Finally, we consider the various arguments raised in defendant's *pro se* supplemental brief. To the extent that defendant argues that the Government breached promises made to him in the proffer agreement, he has provided nothing to support his allegations that such promises were made. To the extent that defendant argues that the composition of the jury violated his constitutional rights, he fails to make the required showing to assert such a claim. *See United States v. Bullock*, 550 F.3d 247, 251 (2d Cir. 2008). And, finally, to the extent that defendant argues that a juror was biased, defendant fails to offer any support for that argument.

## CONCLUSION

We have considered all of defendant's arguments presented both in the counseled and the *pro se* supplemental brief, and we find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk