12-113-cr
United States v. Medrano

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand thirteen.

Present:
> CHESTER J. STRAUB,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

_____

United States of America,

*Appellee*,

v.                                                                    No. 12-113-cr

Sergio Medrano,

*Defendant–Appellant*,

_____

FOR APPELLANT:          MATTHEW W. BRISSENDEN, Scaring & Brissenden PLLC, Garden City, New York.

FOR APPELLEE:                    MICHAEL D. MAIMIN, Assistant United States Attorney (John P. Cronan & Katherine Polk Failla, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Sergio Medrano appeals from a January 5, 2012 judgment convicting him, following a guilty plea, of one count of conspiracy to distribute and to possess with the intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 846. The district court sentenced Medrano to 262 months' imprisonment and five years of supervised release. On appeal, Medrano contends there was an insufficient factual basis for his guilty plea and the district court committed procedural error at sentencing. Medrano also argues several theories of ineffective assistance of counsel at all stages of the proceedings below. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Medrano argues that the court below violated Federal Rule of Criminal Procedure 11(b)(3) by accepting his plea without a sufficient factual basis. Rule 11(b)(3) requires that a court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)). "The court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades*, 169 F.3d 131,

2

136 (2d Cir. 1999). Because Medrano did not inform the court below prior to sentencing that he objected to the factual sufficiency of his guilty plea, he must establish on appeal that any purported Rule 11 violation constitutes plain error. *United States v. Vonn*, 535 U.S. 55, 62-74 (2002) (holding that plain-error review under Fed. R. Crim. P. 52(b) applies to claimed Rule 11 errors not raised by defendant below).

Here, the court below required Medrano to allocute to the elements of the crime with which he was charged. The elements of a conspiracy to distribute or possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 are "the existence of [such] a conspiracy and the defendant's willful joining it." *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989). Because this particular conspiracy, under 21 U.S.C. § 841(b), is an aggravated narcotics offense carrying an enhanced penalty based on a particular drug type and quantity, "drug quantity must be deemed an element," *United States v. Gonzalez*, 420 F.3d 111, 129 (2d Cir. 2005), and the defendant must know the existence of the scheme and knowingly join and participate in it. *See United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008).

There is little ambiguity in Medrano's plea. Medrano listened to the Government explain the elements of the charged crime. He then allocuted to each element of the narcotics distribution conspiracy, responding affirmatively that he "willingly and knowingly" entered into "an agreement, a plan" he understood to be a crime "involv[ing] the distribution or possession with the intent to distribute five kilograms or more of cocaine" taking place beginning "in December or January . . . . either the end of 2003 or the beginning of 2004." Given the transcript of the plea, we find no error.

Medrano also challenges his sentence. In reviewing these challenges, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both

to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (internal quotation marks omitted). As Medrano challenges only procedural reasonableness, we consider "whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks omitted).

Specifically, Medrano challenges the district court's finding that Medrano was responsible for 50 kilograms and more of cocaine. "Where there is no drug seizure or the amount seized does not reflect the scale of the offense," the Guidelines direct district courts to "approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 (cmt. n.5). We uphold the district court's approximation "if the evidence—direct or circumstantial—supports a district court's preponderance determination as to drug quantity." *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008). Here, Medrano argues that a key witness, Medina, lacked knowledge and credibility to identify "Toca"—who was responsible for a 180-kilogram shipment of cocaine, among others—as Medrano. However, "assessing the credibility of witnesses is distinctly the province of the district court," *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993), and we find none of Medrano's arguments persuasively undermine the district court's determination that Medina was "generally a credible witness."

Medrano also argues that the district court miscalculated his Guidelines range in applying a four-level leadership enhancement. We do not agree. We review the district court's conclusion that defendants deserved a leadership enhancement under U.S.S.G. § 3B1.1(a) *de novo* and the findings of fact supporting its conclusion for clear error. *United States v. Si Lu*

4

*Tian*, 339 F.3d 143, 156 (2d Cir. 2003). Here, we find no clear error in the court's finding that the conspiracy "involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In fact, evidence of this conspiracy indicates the involvement of at least thirteen members, including Medrano. The record also shows Medrano to be "an organizer or leader" of this criminal activity, directing multiple drivers and couriers, so we have little trouble concluding the district court was well within its discretion to conclude that Medrano managed at least one other participant. *See United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir. 2000). Accordingly, the district court did not err in applying the four-level leadership enhancement set forth in U.S.S.G. § 3B1.1(a).

Medrano also contends that he was denied effective assistance of two different counsel at all stages of his proceedings below. When presented with an ineffective assistance of counsel claim on direct appeal with new counsel, as we are here, this Court can "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255] . . . (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (citing *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000)). This case demands further factual development as to Medrano's ineffective assistance of counsel claims, and we decline to decide those claims on the record before us. These claims are better presented in a 28 U.S.C. § 2255 petition presenting all factual and evidentiary matters to be assessed in one proceeding.

For the reasons set forth above, we decline to address Medrano's claims for ineffective assistance of counsel. We have considered all of Medrano's other arguments and found each of them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk