13-214-cr(L)
United States v. Gent, Lagona

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
GUY W. GANE, JR.,
　　　　<u>Defendant,</u>

IAN CAMPBELL GENT,
JAMES F. LAGONA,
　　　　<u>Defendants-Appellants,</u>

　　　　-v.-　　　　　　　　　　13-214-cr, 13-1166-cr,
　　　　　　　　　　　　　　　　13-1195-cr

UNITED STATES OF AMERICA,
　　　　<u>Appellee.</u>
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:　　　　　Robert A. Culp, Garrison, New York, for Appellant Gent.

Daniel M. Perez, Newton, New Jersey, for Appellant Lagona.

**FOR APPELLEE:**     Joseph J. Karaszewski for William J. Hochul, Jr., United States Attorney, Buffalo, New York.

Appeal from judgments of the United States District Court for the Western District of New York (Skretny, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendants-Appellants Ian Campbell Gent ("Gent") and James F. Lagona ("Lagona") appeal judgments, following a jury trial in the United States District Court for the Western District of New York (Skretny, <u>J.</u>), convicting them of mail fraud and conspiracy to commit mail fraud. While working at Watermark Financial Services Group, Gent and Lagona were involved in an investment scheme in which they offered clients investment opportunities in debentures that promised 10% annual interest. Although investors were led to believe that the prospective investments were safe, chiefly real estate in Maine, most of the money was used for business and personal expenses, and only a small fraction of the money was ever invested in anything.

Gent and Lagona challenge their convictions and sentences on the following grounds: (1) insufficient evidence that they had intent to defraud and knowledge of the scheme; (2) unacceptable risk that speculative legal theories led to their convictions; (3) the admission of impermissible hearsay evidence; (4) erroneous jury instructions; and (5) procedural error and substantive unreasonableness of their sentences. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  "A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." <u>United States v. Kozeny</u>, 667 F.3d 122, 139 (2d Cir. 2011). We "must affirm the conviction if any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted).

The trial evidence was sufficient to allow a rational jury to conclude that Gent and Lagona had intent to defraud and knowledge of Watermark's illegal scheme. Specifically, Lagona actively prepared new debentures even after becoming aware that payments to investors of previously issued debentures were due and could not be paid, as promised, with profit; attended at least one sales meeting in which he participated in procuring an investment based on false representations; signed letters assuring investors that their non-existent investments were safe; and did these things at times when he was aware that no investments and no income were being generated.

When he was hired, Gent knew that the company was "bleeding money" and was paying new investors back with prior investor money. As Gent argues, these conditions do not necessarily bespeak fraud; however, while he was encouraging the sales team to continue selling debentures, he told an employee that he had received permission for the sales from a FINRA representative — which the representative denied at trial. Gent and Lagona were also present at a meeting in which an employee was instructed to take records home in order to conceal them from FINRA or SEC officials; and Gent implicitly acknowledged the potential legal consequences. This evidence is sufficient to allow a reasonable jury to infer that Lagona and Gent intended to defraud investors and had knowledge of the scheme.

2. During trial, neither Gent nor Lagona objected on the ground that there was an unacceptable risk of conviction based on speculative or undefined legal theories. Therefore, we review this issue for plain error. See, e.g., United States v. Brown, 352 F.3d 654, 663 (2d Cir. 2003). "To establish plain error, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 664 (internal quotation marks omitted). Once these conditions are met, we can notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted). The events during trial did not amount to plain error that "seriously affect[ed] the fairness" of the trial. Id.

3

The defendants argue that the government referenced Ponzi schemes and unregistered securities to suggest illegality outside of the indictment.  However, Ponzi schemes were referenced to show that the victims were never informed that their money would be used to pay other investors, which supported the theory that Gent and Lagona intended to engage in a fraudulent scheme.  Evidence that Gent and Lagona believed that the debentures sold by Watermark should have been registered, but decided to sell them anyway, was also probative of fraudulent intent.  In any event, even if undefined legal theories were thus referenced, they did not affect the fairness or integrity of the trial.

3.   The district court's evidentiary decisions are reviewed for abuse of discretion and will be reversed only in instances of "manifest error."  United States v. Miller, 626 F.3d 682, 687-88 (2d Cir. 2010).  Even an evidentiary ruling that is "manifestly erroneous" is not a basis for vacatur if the error was harmless.  Id. at 688.  The district court's decision to admit the credit report was not manifestly erroneous.  The credit report was not admitted to prove the truth of its contents.  It was therefore not hearsay.  Rather, it was used for the purpose of showing what had been communicated to Gent, which went to the core of his good faith defense.  Even if it was error for the district court to allow the information in the report to be read to the jury, such error was harmless as the credit report was a minimal part of the government's case and its exclusion likely would not have affected the outcome.  See Tesser v. Bd. of Educ. Of City Sch. Dist., 370 F.3d 314, 319 (2d Cir. 2004).

4.   "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law."  United States v. Males, 459 F.3d 154, 156 (2d Cir. 2006).  We review jury instructions in their entirety, rather than in isolation.  Id.  Considered in their entirety, the instructions were not misleading with respect to the appropriate legal standard.  Additionally, the absence of contemporaneous objection from defense counsel further suggests that when the "challenged language" was heard in the "context of the charge as a whole rather than in artificial isolation," it was not misleading or confusing.  United States v. Carr, 880 F.2d 1550, 1555 (2d Cir. 1989) (internal quotation marks omitted).

4

5. We review sentences imposed by the district court for "reasonableness, which is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." United States v. Corsey, 723 F.3d 366, 374 (2d Cir. 2013) (internal quotation marks omitted).

Gent argues that the sentence imposed by the district court was procedurally and substantively unreasonable because, in calculating the amount of loss and the number of victims, the court attributed to Gent prior conduct of the conspiracy, contrary to U.S.S.G. § 1B1.3. The district court erred because, for purposes of sentencing, a defendant's relevant conduct does not, in the ordinary case, include conduct committed before the defendant joined the conspiracy. See U.S.S.G. § 1B1.3 cmt. n.2 ("A defendant's relevant conduct does not include conduct of members of a conspiracy prior to the defendant's joining the conspiracy . . . [but] [t]he Commission does not foreclose the possibility that there may be some unusual set of circumstances in which the exclusion of such conduct may not adequately reflect the defendant's culpability; in such case, an upward departure may be warranted."). The district court did not consider whether Gent's conduct amounted to unusual circumstances. Nor did the district court make a finding as to when Gent joined the conspiracy. Accordingly, Gent's sentence is vacated and remanded for the district court to consider, in the first instance, whether this case presents unusual circumstances, and if not, to make findings of fact as to the date on which Gent joined the conspiracy.

Lagona argues that, in light of his family circumstances, age, and lack of criminal record, his sentence was procedurally and substantively unreasonable. But the district court did consider Lagona's circumstances, and sentenced him to a non-Guidelines sentence that was drastically reduced from the Guidelines range. Lagona acknowledges that he waived his right to challenge on appeal his sentence for attempted obstruction in violation of 18 U.S.C. § 1503(a). The sentence pursuant to 18 U.S.C. § 3147 is a "statutory sentencing enhancement" of his attempted obstruction sentence, U.S.S.G. § 3C1.3, imposed because the conduct was committed while Lagona was on release, 18 U.S.C. § 3147. Accordingly, the appeal waiver covers the two-year

5

sentence, imposed consecutively, and Lagona has no basis for appealing the consecutive nature of the sentence.

Finally, "[i]n light of our baseline aversion to resolving ineffectiveness claims on direct review, . . . we decline to review" any claim of ineffective assistance to the extent presented on this appeal. United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks omitted).

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **AFFIRM** as to defendant Lagona and **AFFIRM** in part, and **VACATE** and **REMAND** as to defendant Gent's sentence.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK