United States v. Brown

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand eighteen.

PRESENT: DENNIS JACOBS,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
Appellee,

-v.-                                        16-3293

DERRICK JABBAR BROWN,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                    Benjamin Gruenstein, Cravath,
                                  Swaine & Moore, LLP, New York,
                                  NY.


FOR APPELLEE:                     David C. Pitluck (Susan Corkery, on
                                  the brief), Assistant United States
                                  Attorneys, for Richard Donoghue,
                                  Interim United States Attorney for
                                  the Eastern District of New York,
                                  Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Derrick Jabbar Brown appeals from a September 23, 2016 amended judgment of the district court, resentencing him, in relevant part, to special conditions imposed on him previously pursuant to two judgments: one convicting him of possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), and the other revoking supervised release from a 2005 conviction for distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1).   On appeal, Brown argues that he received ineffective assistance of counsel at his resentencing when his attorney failed to: (1) challenge the testimony of an expert witness called by the court, and (2) to call his own rebuttal expert witness.   Brown seeks resentencing, or in the alternative, remand for further factual development of the record.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.      Brown argues that he received ineffective assistance of counsel at his resentencing hearing for two reasons.   First, his trial counsel did not challenge the substance of the opinion expressed by the expert witness, Dr. DeSantis.   Thus

he believes that his trial counsel's cross-examination of the witness was utterly deficient and not based on sound trial strategy. Second, Brown argues that his trial counsel's decision to not call a rebuttal witness to Dr. DeSantis was similarly utterly deficient.

"The Sixth Amendment guarantees the right to effective representation," and when "assessing a claim that a lawyer's representation did not meet the constitutional minimum, we indulge a strong presumption that counsel's conduct f[ell] within the wide range of professional assistance." Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015) (internal quotations omitted, alteration in original). To overcome this strong presumption, a petitioner must establish that: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "any deficiencies in counsel's performance must be prejudicial to the defense[.]" Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). For the reasonableness prong, the petitioner must demonstrate "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). As to prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A court need not address both prongs of the Strickland test; if either fails, the entire claim fails. Id. at 697. "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998).

When a party brings a claim for ineffective assistance of counsel on direct appeal, "we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003). "Generally, Courts of Appeals are reluctant to address ineffectiveness claims on direct review" because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection" on direct

review.   United States v. Salameh, 152 F.3d 88, 160 (2d Cir. 1998) (per curiam). But we permit direct review of such claims when "its resolution is 'beyond any doubt' or to do so would be in the interest of justice."   United States v. Stantini, 85 F.3d 9, 20 (2d Cir. 1996) (internal citation omitted).

This case is the unusual one in which direct review is warranted, because it is beyond any doubt that Brown is unable establish prejudice for two reasons. First, Brown does not demonstrate or explain how different cross-examination questions or tactics would have overcome the quantity of evidence the district court relied on to make its decision imposing the special conditions: Brown's repeated child pornography arrests, his storage of adult and child pornography together, and his resistance to treatment.   Brown argues he was prejudiced by trial counsel's failure to highlight Dr. DeSantis' failure to examine Brown to determine whether the special conditions were warranted for him specifically. But regardless of whether Dr. DeSantis examined Brown, his multiple offenses and unrepentant attitude about child pornography demonstrate his particular need for these special conditions as part of his treatment.[1]   Second, Brown's trial counsel's cross-examination was actually effective.   Dr. DeSantis, who was called by the court only for a general discussion of treatment options, stated under cross-examination that treatment options can differ depending on the offender, and that it was appropriate in some cases to discontinue the sexual offender portion of treatment before the term of supervision ends.   Defense counsel cited this testimony at the final resentencing proceeding, and sought to limit the special conditions to the time Brown was in treatment.   The district court substantially acquiesced to this: the court did not impose the special conditions for the entire period of supervised release, but only while a therapist deems them necessary. Given the evidence against Brown, and his counsel's seeming success, it is implausible that additional cross-examination or the calling of a rebuttal expert would create "a reasonable probability that, but for counsel's unprofessional

_____

[1] Brown told the Probation Department that he "did not think it was wrong to view child pornography, since it did not involve touching a minor, and he hoped in the future to relocate to a country where viewing child pornography was legal." 2014 Presentencing Report, ¶ 6.

errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

**2.** We conclude that remand for further fact finding is not necessary. While we agree with Brown that this is a discrete issue, there is no need for further factual development to dispose of it.

Accordingly, the sentence of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5