10-2495-cr
*United States v. Morales*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand eleven.

PRESENT: DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.*

_____

UNITED STATES OF AMERICA,
*Appellee*,

-v.- No. 10-2495-cr

JOHN WILBUR MORALES, a.k.a. John Morales Santos, a.k.a. Jhon Morales,
*Defendant-Appellant*.

_____

PAUL P. RINALDO, Forest Hills, NY, *for Defendant-Appellant*.

ELIZABETH J. KRAMER, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Appellee*.

_____

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant John Wilbur Morales appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), entered June 18, 2010, convicting him, after trial by jury, of conspiracy to import 100 grams or more of heroin, in violation of 21 U.S.C. §§ 960(b)(2)(A) and 963; importation of 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A); conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and sentencing him to 89 months' incarceration and five years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Morales argues that his judgment of conviction should be vacated on the basis of the alleged ineffective assistance of his trial counsel, E. Abel Arcia and Ernest Atalay. Specifically, Morales contends that Arcia and Atalay failed to convey to him various plea offers extended by the government prior to trial, and he requests that the judgment be vacated and the case remanded so that he may "be given the opportunity to plead guilty to the never conveyed plea offer."

We are "generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004); *see also United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998) (noting our "baseline aversion to resolving ineffectiveness claims on direct review"). When presented with an ineffective assistance of counsel claim on direct appeal,

> we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255;

2

(2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us.

*United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). The Supreme Court has emphasized, however, that "in most cases a motion [for habeas corpus] brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," since, *inter alia*, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

Although the district court received various representations from the parties below regarding whether Morales's counsel and the government had engaged in plea negotiations and whether any resulting offers had in fact been conveyed to Morales, the district court did not receive testimony or make factual findings as to the adequacy of Morales's representation or the potential that Morales may have been prejudiced, and we do not believe that the record on appeal is adequate for resolution of Morales's claim at this time. Thus, we decline to reach the merits of Morales's claim of ineffective assistance, without prejudice to that claim being raised in a future 28 U.S.C. § 2255 petition. Rather than proceeding on a limited appellate record, Morales's claim should "be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation." *Massaro*, 538 U.S. at 505; *see also id.* at 505-06 (noting that the district court "may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance," and observing that "the § 2255 motion often will be ruled upon by the same district judge who presided at trial," thus providing "an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial").

3

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk