10-3423-cr (L)
United States of America v. Yutronic

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT:
>PETER W. HALL,
>SUSAN L. CARNEY,
>>*Circuit Judges*,
>RICHARD M. BERMAN,*
>>*District Judge.*

---

UNITED STATES OF AMERICA,
>*Appellee,*

v.

No. 10-3423-cr (L)
11-164-cr (Con)

TOMISLAV YUTRONIC, WILSON ABAD a/k/a the Lawyer, ET AL.,
>*Defendants-Appellants.*

---

FOR DEFENDANTS- APPELLANTS:        JAMES M. BRANDEN, Law Office of James M. Branden, New York, New York; BERNARD ALAN SEIDLER, Law Office of B. Alan Seidler, New York, New York.

---

* The Honorable Richard M. Berman of the United States District Court for the Southern District of New York sitting by designation.

1

FOR APPELLEE:                          TELEMACHUS P. KASULIS (Karl Metzner, *of counsel*)
                                       *for* Preet Bharara, United States Attorney for the
                                       Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant-appellant Wilson Abad's ineffective assistance of counsel claim is DISMISSED without prejudice and the judgment of the district court is AFFIRMED in all other respects.

Defendants-Appellants, Tomislav Yutronic and Wilson Abad, appeal from judgments of conviction entered on August 18, 2010, and December 16, 2010, respectively. On February 8, 2010, Yutronic pled guilty, without the benefit of a plea agreement, to Count One of the indictment, which charged Yutronic with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), and 846. On August 17, 2010, the district court sentenced Yutronic to a term of 70 months' imprisonment, to be followed by a term of three years' supervised release. Abad waived indictment, and on February 16, 2010, pled guilty, pursuant to a plea agreement, to Counts One, Two, and Three of the Superseding Information which charged Abad respectively with conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(B), and 846; conspiracy to distribute and possess with intent to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(B), and 846; and conspiracy to launder narcotics proceeds (money laundering) in violation of 18 U.S.C. § 1956(h). On December 16, 2010, the district court sentenced Abad to a term of 108 months' imprisonment, to be followed by a term of four years' supervised release. Yutronic appeals his sentence on the grounds that it is

substantively unreasonable because it failed to account for the minor role he played in the charged narcotics conspiracy. Abad argues on appeal that he received ineffective assistance of counsel in connection with his change of plea and the sentencing proceeding, and that the sentence of 108 months is substantively unreasonable. For the following reasons, we affirm the sentences imposed by the district court and decline to consider Abad's ineffective assistance of counsel claim.

## I.   Substantive Reasonableness of Yutronic's and Abad's Sentences

We review all sentences for reasonableness. *United States v. Fernandez*, 443 F.3d 19, 26-7 (2d Cir. 2006). On reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). That standard recognizes that reasonableness "is inherently a concept of flexible meaning, generally lacking precise boundaries." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (quoting *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005)). "[I]n the great majority of cases, a range of sentences ... must be considered reasonable," *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008), and we will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

On appeal, Yutronic argues that his sentence was substantively unreasonable because his personal characteristics and minimal role in the offense warranted a below guidelines sentence instead of the bottom-of-the-guidelines sentence of 70 months that the district court imposed. We disagree. Yutronic, who joined the conspiracy to earn additional income, traveled to the United States on a single occasion to deliver between one and three kilograms of heroin to his

3

co-conspirators. The district court recognized that there was no evidence to suggest that Yutronic had transported drugs on a prior occasion but noted that the charged conduct occurred over multiple days and involved phone calls and multiple meetings with his co-conspirators. Moreover, the district court acknowledged that Yutronic was not a leader or manager of the organization and was therefore eligible for safety valve relief under 18 U.S.C. § 3553(f). Safety valve eligibility freed Yutronic from the statutory 120-month mandatory minimum sentence and afforded him an additional two-level reduction in his Guidelines offense level. Yutronic's ultimate sentence reflects a 50-month downward departure from the statutory mandatory minimum and we hold that, in this case, a sentence at the bottom of the Guidelines range is not substantively unreasonable.

While Abad argues on appeal that his sentence of 108 months is substantively unreasonable, clearly the district court based the sentence upon an appropriate evaluation of the factors set forth at 18 U.S.C. § 3553(a). "I have considered Title 19 of the United States Code, Section 3553(a) very carefully in this case, as I do in all cases, and I think that my sentence will comport with the requirements of 3553(a). I recognize that the guidelines are only advisory, that they are not mandatory and that I am not required to sentence under the guidelines. And as a matter of fact, I am going to sentence a little bit under the guidelines for the criminal history category II at an offense level of 31." The district court also reviewed the sentencing submission (and letters of support from family members and friends) made by the defense counsel which, among other things, described Abad's family circumstances, his past employment, his medical condition, and his pending deportation. The 108 month sentence imposed by the district court — which was below the 121 to 151 month guideline range — was not substantively unreasonable.

4

## II.    Abad's Ineffective Assistance of Counsel Claim

Finally, Abad argues that his counsel rendered constitutionally ineffective assistance in connection with Abad's change of plea and sentencing proceedings.   Specifically, he asserts that his counsel failed to include Abad in any case preparation and told Abad that he would have to "inaccurately admit his guilt to Money Laundering if Abad wanted a plea offer from the Government that contained a mandatory minimum term of 5 years in prison."   Abad also claims that he only pled guilty because his counsel had promised that Abad's total period of incarceration would not exceed five years.   With respect to his sentencing, Abad argues that he received ineffective assistance of counsel because his attorney did not consult him in preparing the sentencing memorandum.   "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for [a] writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris,* 350 F.3d 32, 39 (2d Cir. 2003).   At this time, we decline to consider Abad's argument regarding ineffective assistance of counsel.   Abad may of course pursue this claim in a petition for [a] writ of habeas corpus under 28 U.S.C. § 2255.   We express no views as to the merits of his claim.

We have considered the defendants-appellants' remaining arguments and find them to be without merit.   For the foregoing reasons we AFFIRM the judgment of the district court and DISMISS without prejudice Abad's ineffective assistance of counsel claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5