**UNITED STATES of America,**
**Appellee,**

v.

**Terrell SPARKS, Defendant–Appellant.**

**No. 07–1549–cr.**

United States Court of Appeals,
Second Circuit.

July 24, 2008.

Henry Mazurek, Law Office of Gerald L. Shargel, New York, N.Y., for Defendant–Appellant.

Jonathan S. Abernethy, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York; New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Terrell Sparks appeals from a judgment entered in the District Court on July 23, 2004, finding him guilty of participating in a conspiracy to distribute one kilogram or more of mixtures and substances containing heroin, in violation of 21 U.S.C. § 846. He appeals his conviction, arguing that the trial court erred in failing to suppress evidence and statements derived from a warrantless search of his luggage, which, when searched, was stored in the back seat of a car in which Sparks was a passenger. The primary question before us is whether the search was made valid by a consent given by the car's driver, Corey Martin.

A defendant seeking to suppress evidence seized during a warrantless search bears the burden of showing that he had a reasonable expectation of privacy in the place or object searched. *California v. Greenwood,* 486 U.S. 35, 39, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). If the defendant makes such a showing, then the burden shifts to the government to show that the search fell within one of the exceptions to the warrant requirement. *Schneckloth v. Bustamonte,* 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Perea,* 986 F.2d 633, 639 (2d Cir.1993). Evidence supporting the denial of a motion to suppress must be viewed in the light most favorable to the government. *United*

*States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002).

■ The test of whether an individual's expectation of privacy is legitimate is whether the individual has "exhibited an actual (subjective) expectation of privacy ... that society is prepared to recognize as reasonable." *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring); *Perea,* 986 F.2d at 639 (citations omitted). And while it might well be true that "[p]assengers, no less than drivers, possess a reduced expectation of privacy with regard to the property that they transport in cars," *Wyoming v. Houghton,* 526 U.S. 295, 303, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999), passengers may nonetheless retain an actual, reasonable, socially recognized expectation of privacy in their luggage, even when it is transported in a vehicle driven by or shared with others. *See Bond v. United States,* 529 U.S. 334, 338–39, 120 S.Ct. 1462, 146 L.Ed.2d 365 (2000) (holding that a bus passenger who has placed a duffel bag in an overhead compartment "does not expect that other passengers or bus employees will, as a matter of course, feel the bag in an exploratory manner," and that the passenger's expectation of privacy in the bag is "one that society is prepared to recognize as reasonable" (internal quotation marks omitted)). Here, where Sparks and Martin were the only two people in the car, and each one had two bags directly behind his own seat, we conclude that Sparks had a reasonable, socially accepted expectation of privacy in his luggage.

■ Nevertheless, the Government can legitimate the warrantless search of Sparks's luggage by showing that it was made pursuant to a valid consent. In order to do this, the Government must show by a preponderance of the evidence that the party consenting to the search had the requisite authority to consent to the full scope of the search conducted. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). The requisite authority can be either actual or apparent, and the Government argues that Martin exhibited both. We need only address the latter.

Martin had apparent authority to consent to the search of Sparks's bag if, at the time the consent was given, the officer receiving the consent had facts available to him that would "warrant a man of reasonable caution in the belief that [Martin] had authority over" the bag. *Illinois v. Rodriguez,* 497 U.S. 177, 188, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (internal quotation omitted). On the specific facts of this case, it was reasonable for the arresting officer to believe that Martin, who was driving and produced rental papers for the car, had such authority. The reasonableness of this belief could have been dispelled if, for example, either Sparks or Martin had indicated that the Tote Bag behind Sparks's seat was his. But neither gave any indication that the Tote Bag belonged to Sparks, nor did the evidence suggesting that Sparks owned a separate suitcase on the back seat serve to indicate that he also owned the Tote Bag. Accordingly, we conclude that the officer reasonably believed that Martin had authority over the Tote Bag, and that this apparent authority validated Martin's consent.

A consent to search a particular location does not automatically extend to all closed containers within that location. *Perea,* 986 F.2d at 641–42. It must be "objectively reasonable" under the circumstances for the searching officer to believe that Martin the scope of the consent included permission to open particular containers within the property. *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Here, the officer requested—and Martin provided—consent to search "the

vehicle and the contents therein." Given the broad scope of that consent, it was objectively reasonable for the officer to believe that it covered the bags inside the car.

We have considered the remainder of Sparks's claims and found them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.