United States v. Bulluck

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
              *Appellee*,

              v.                                            No.    13-255

JOHNATHAN BULLUCK, also known as Johnathan Bullock,
              *Defendant - Appellant.*

_____

APPEARING FOR APPELLANT:          LAURIE S. HERSHEY, Esq., Manhasset, New York.

APPEARING FOR APPELLEE:           JUSTIN ANDERSON, Assistant United States Attorney (Jessica Ortiz, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED for further proceedings consistent with this order.

Defendant-appellant Johnathan Bulluck appeals from a judgment entered on January 16, 2013, in the United States District Court for the Southern District of New York, convicting him of one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). The case proceeded to trial before a jury following the district court's denial of Bulluck's motion to suppress the cocaine, which was found concealed inside of two plastic bags located under the driver's seat of a livery cab in which Bulluck was a passenger. Bulluck argues that the district court erred in denying his suppression motion, and that he received ineffective assistance of counsel in connection with that motion. We remand the case pursuant to United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994), for further proceedings as necessary to enable us to decide the latter issue.

The district court ruled that Bulluck, as a passenger, had no reasonable expectation of privacy in the rear seat area of the livery cab in which he was traveling, a legal issue that the district court accurately determined has not been addressed by this Court or the United States Supreme Court. See United States v. Bulluck, No. 09 Cr. 652 (PGG), 2010 WL 1948591 (S.D.N.Y. May 13, 2010). We decline to reach that issue today, because,

whether or not Bulluck has a reasonable expectation of privacy in the back seat area generally, he did have such an expectation in the plastic bags that were searched by the police. The district court did not address whether the police search violated Bulluck's expectation of privacy in the plastic bags themselves, because, despite being specifically invited to do so, Bulluck's attorney failed to brief that issue. Bulluck contends that that failure denied him the effective assistance of counsel.

On these facts, we conclude that defense counsel's failure to argue that opening the plastic bags violated a reasonable expectation of privacy in them "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984). On the current record, however, we cannot determine whether Bulluck was prejudiced by his attorney's error, and we therefore remand the case to the district court for necessary fact-finding. We assume the parties' familiarity with the remaining facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. A defendant "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Second, the defendant must demonstrate that there exists a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "Where defense

counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [defendant] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Laaman v. United States, 973 F.2d 107, 113 (2d Cir. 1992), quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). When faced with a claim of ineffective assistance of counsel on direct appeal, this Court, in its discretion, may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003).

On this record, we conclude that defense counsel's failure to raise whether Bulluck had a reasonable expectation of privacy in the plastic bags themselves fell below an objective standard of reasonableness. First, the district court specifically invited counsel to brief Bulluck's expectation of privacy in the bags, signaling the court's interest in that question. Second, a thick accretion of cases from both the United States Supreme Court and this Court establishes that passengers in vehicles that they do not own or rent have a legitimate expectation of privacy in the closed containers they possess. For example, in United States v. Perea, 986 F.2d 633 (2d Cir. 1993), heavily relied upon by the government for the proposition that taxi passengers lack an expectation of privacy in the passenger compartment of the cab, we held that a taxi passenger had no legitimate

expectation of privacy in the cab's trunk. Id. at 639. We nevertheless proceeded to address the legality of the search because the passenger had such an expectation in his luggage, which was placed in the trunk. Id. at 642.[1] Perea makes it clear that Bulluck retained a legitimate expectation of privacy in the bag, regardless of whether he had such an expectation with respect to the passenger compartment generally. In contrast, no binding precedent from this Court or the Supreme Court has established that a taxi passenger has an expectation of privacy in the rear portion of the cab in which the passenger is traveling. Counsel's choice to focus on the latter, unresolved issue rather than on settled law that clearly permitted the court to proceed to assess the legality of the search fell below an objective standard of reasonableness. See Mayo, 13 F.3d at 533.

We cannot determine on the present record, however, whether counsel's deficient performance actually prejudiced Bulluck. Having concluded that Bulluck lacked a legitimate expectation of privacy in the rear compartment of the cab, the district court did not make any specific findings as to whether probable cause justified the search of the cab, and by extension, the plastic bags in which the cocaine was found.[2] Nor did the

_____

[1] See also Bond v. United States, 529 U.S. 334, 338-39 (2000) (holding that bus passenger had a legitimate expectation of privacy in an opaque bag place in an overhead bin); United States v. Sparks, 287 Fed. App'x 918, 920 (2d Cir. 2008) ("[P]assengers may . . . retain an actual, reasonable, socially recognized expectation of privacy in their luggage, even when it is transported in a vehicle driven by or shared with others.").

[2] See United States v. Wilson, 699 F.3d 235, 245 (2d Cir. 2012) ("Under the automobile exception . . . officers may conduct a warrantless search of a vehicle if they have probable cause to believe it contains contraband or other evidence of a crime.") (internal quotation marks omitted); United States v. Ross, 456 U.S. 798, 825 (1982) (holding that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the

district court make any specific findings as to whether the circumstances supported a reasonable suspicion that there might be a weapon in the car that could pose a danger to the officers upon the release of either the driver or Bulluck.[3]  Finally, the district court had no occasion to consider whether the search of the plastic bags might be justified as an inventory search.[4]  We express no view on the merits of those arguments, and leave it to the district court to conduct the analysis in the first instance.  The district court determined only that "the police officers had a reasonable suspicion or probable cause to believe that a traffic violation had been committed."  Bulluck, 2010 WL 1948591, at *6.  To rely on the automobile exception to the warrant requirement, however, the officers needed probable cause to believe that the taxi contained either evidence of a crime or contraband.  To rely on Bulluck's or the driver's behavior to justify a "frisk" of the passenger compartment of the cab, the officers needed reasonable suspicion to believe

object of the search," including closed containers and packages).

[3] See Arizona v. Johnson, 555 U.S. 323, 327 (2009) ("To justify a patdown of . . . a passenger during a traffic stop . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous."); Michigan v. Long, 463 U.S. 1032, 1049 (1983) ("[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and . . . may gain immediate control of weapons.") (internal quotation marks omitted).

[4] See United States v. Thompson, 29 F.3d 62, 65 (2d Cir. 1994) ("Consistent with the Fourth Amendment, law enforcement officials may open closed containers as part of an inventory search so long as they act in good faith pursuant to standardized criteria or established routine.") (internal quotation marks and ellipsis omitted).

that it might contain a weapon that could pose a danger to them.[5]  And the inventory exception is applicable only where law enforcement officials can point to standardized criteria or established routine.

If, after conducting the necessary fact-finding, the district court concludes that the drugs found in the plastic bags should have been suppressed, then Bulluck was prejudiced by his counsel's performance, and his conviction must be vacated.  If, on the other hand, the district court determines that the motion to suppress was properly denied, then the deficient performance of Bulluck's counsel did not prejudice him, in which case his conviction must be affirmed.  We therefore exercise our discretion to remand the case to the district court for further fact-finding.[6]  See Morris, 350 F.3d at 39.  We retain jurisdiction to enter the appropriate order in this appeal once the record has been supplemented.  See Jacobson, 15 F.3d at 21-22.

---

[5] Cf. Arizona v. Gant, 556 U.S. 332, 346 (2009) (holding that law enforcement officers are permitted "to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest").

[6] Because such a further inquiry into the justification for the officers' search of the bags is the same relief to which Bulluck would be entitled if we concluded that he had a reasonable expectation of privacy in the taxi's passenger compartment, we need not resolve that issue at this time.

For the foregoing reasons, the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court