14-1511-cr
*United States v. Santos*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            DENNY CHIN,
                        *Circuit Judges.*

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                                                No. 14-1511-cr

MELVIN MARIA SANTOS,

        *Defendant-Appellant,*

JOSE LUIS NUNEZ-LORA, EDUARD NUNEZ-LORA,
JUSTO JIMENEZ,

        *Defendants.**

| | |
|---|---|
| **FOR MELVIN MARIA SANTOS:** | B. Alan Seidler, New York, NY. |
| **FOR UNITED STATES OF AMERICA:** | Daniel C. Richenthal, Karl N. Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the |

---

\* The Clerk of Court is directed to amend the official caption to conform with the above.

Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Melvin Maria Santos appeals from the District Court's April 22, 2014 judgment convicting him, after a guilty plea, of one count of conspiracy to submit false claims to the United States, in violation of 18 U.S.C. § 286, one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and sentencing him principally to 102 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Ineffective Assistance of Counsel

It is well established that, when faced with a claim for ineffective assistance of counsel on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Nevertheless, we may decide ineffective assistance claims on direct appeal "when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks omitted).

As to Santos's first claim of ineffective assistance—that his counsel purportedly failed to convey an initial plea offer dated September 16, 2013—we decline to review Santos's claim on the record before us now. *See United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003).

As to Santos's second claim of ineffective assistance—that his counsel allegedly failed fully to review his plea agreement with him and that he did not know that his aggravated identity theft count carried a mandatory 24-month consecutive term of imprisonment—we conclude that this claim is meritless. At his plea allocution, Santos confirmed no fewer than three times, under oath, that he understood that this count carried a mandatory consecutive term of two years' imprisonment. He further stated that he had reviewed the plea agreement with his attorney and that it did not contain anything he did not understand. Accordingly, on this record, it is beyond any doubt that Santos cannot establish a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Kimber*, 777 F.3d at 562.

## II. Sentencing

In his plea agreement, Santos expressly agreed that he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 102 to 121 months' imprisonment." App. 91. As discussed above, Santos explicitly affirmed that he reviewed and understood the plea agreement, and it is undisputed that he received a sentence within the stipulated range. Furthermore, Santos does not claim that the Government breached the plea agreement, or that his waiver was not knowing and voluntary. Accordingly, on this record, Santos's plea agreement bars his challenge to his sentence. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).

## CONCLUSION

We have considered all of the arguments raised by Santos on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 22, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3