13-3275-cr
United States v. Levine et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
 PIERRE N. LEVAL,
  **Circuit Judges**,
 GEOFFREY W. CRAWFORD,[*]
  **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
 **Appellee**

 -v.-                                    13-3275

LULZIM KUPA,
 **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

1

**FOR APPELLANT:** JAMES R. FROCCARO JR., LAW OFFICE OF JAMES R. FROCCARO, Port Washington, New York.

**FOR APPELLEE:** ROBERT T. POLEMENI (with David C. James <u>on the brief</u>) <u>for</u> Kelly T. Currie, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Lulzim Kupa appeals from the judgment of the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>), sentencing Kupa to a 132-month term of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal, Kupa asserts a single claim of ineffective assistance of counsel. This Circuit has a "baseline aversion to resolving ineffectiveness claims on direct review." <u>United States v. Morris</u>, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks and citation omitted). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

Here, however, it is not difficult to adjudicate Kupa's claim on appeal. It is clear from the record that Kupa's claim fails on the merits because Kupa cannot prevail on the performance prong of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), especially because "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. Kupa's only argument is that counsel failed to argue that Kupa should not be deemed a career offender. But counsel did so argue: "I, as I indicated, wholeheartedly agree . . . that he's not a career offender." A. 128; <u>see also</u> A. 131-33. Indeed, the government accused Kupa's counsel of breaching the plea agreement precisely because he made this

2

argument.  Government Appendix 29 ("[T]he government claims that we have breached the plea agreement by arguing that defendant is not a career offender.").

For the foregoing reasons, and finding no merit in Kupa's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK