United States v. Grant

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                   14-3941

DERRICK GRANT,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:            THOMAS A. MCKAY (with Samson A. Enzer and Justin Anderson on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York.

**FOR DEFENDANT-APPELLANT:**     LOUIS R. AIDALA, Baratta, Baratta & Aidala LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Derrick Grant appeals from a judgment of conviction and sentence entered by the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).  The defendant challenges the conviction on the grounds that (1) the district court committed plain error in denying defendant's motion to withdraw his guilty plea; and (2) prior counsel rendered ineffective assistance of counsel by neglecting to advise that Grant could withdraw his guilty plea before the plea was accepted by the district court.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Groysman</u>, 766 F.3d 147, 155 (2d Cir. 2014) (quoting <u>Johnson v. United States</u>, 520 U.S. 461, 466–67 (1997)). Under this standard, we conclude there is no error.

Grant entered a guilty plea before a magistrate judge on November 5, 2013, and although there was initially confusion about the date the plea was adopted by the district court, Judge McMahon clarified that she adopted the plea on July 31, 2014.  Defendant contends that a letter from prior counsel (sent on July 21, 2014) constituted a withdrawal of his guilty plea.  The district court, however, construed the July 21 letter as a request for the appointment of counsel to advise defendant about a potential motion to withdraw, not as a motion to withdraw.  Defendant contends that this was plain error.  Under Rule 11(d)(1) of the Federal Rules of Criminal Procedure (the "Rules"), "before the court accepts the plea," a defendant may withdraw a guilty plea "for any reason or no reason."

2

However, under Rule 11(d)(2), a guilty plea, once accepted by the court, may only be withdrawn if the defendant "can show a fair and just reason." If the July 21 letter did in fact constitute a withdrawal, then defendant argues that he had an absolute right to withdraw at that time because his plea had not been "accepted" by an Article III district judge.[1]

As the district court observed, the letter was "entirely too equivocal to qualify as a motion to withdraw." The letter unambiguously states at the beginning that "Derrick Grant wants to withdraw his guilty plea," but the rest of the letter qualifies that statement. Withdrawal is framed in contingent terms: "*if* he wants to proceed with this request" and specifically requests new counsel "to advise him about an application to withdraw his plea." The letter specified that current counsel "remain willing and able to represent" defendant in sentencing "[i]f after consulting with new counsel, Mr. Grant decides to proceed to sentencing on the guilty plea." If the letter itself was a withdrawal, there would have been no need to consider the possibility of proceeding to sentencing on a withdrawn guilty plea.

The letter contemplates a motion to withdraw but constitutes no more than a request for new counsel to be appointed to advise defendant about a future motion to withdraw. Such a reading is consistent with how defense counsel characterized the letter on the docket, which was as a "LETTER MOTION" regarding "Appointment of New Counsel," and is also how the district court construed the letter in the first instance--prior to any controversy about withdrawal as of right--when the request for new counsel was denied by memo endorsement.

---

[1] We do not decide whether a magistrate judge has the constitutional authority to "accept" a plea within the meaning of Rule 11. See United States v. Williams, 23 F.3d 629, 634 (2d Cir. 1994) (rejecting constitutional challenge to magistrate judges performing Rule 11 plea allocutions); see also United States v. Benton, 523 F.3d 424 (4th Cir. 2008) (rejecting constitutional challenge to magistrate judges accepting pleas within the meaning of Rule 11). Because the magistrate judge here "recommended" that the plea be accepted, but did not himself purport to accept the plea under Rule 11, we need not reach the issue.

Because the July 21 letter was neither a withdrawal nor a request to withdraw, the guilty plea was accepted by the district court before defendant actually moved for withdrawal.[2] Rule 11(d)(2) therefore controls, which requires a "fair and just reason" before a guilty plea may be withdrawn. Defendant concedes that he cannot satisfy the "fair and just reason" standard, and so the judgment of the district court must be affirmed.

2. Defendant contends that he was denied effective assistance of counsel because prior counsel did not strictly adhere to Grant's wishes by attempting to withdraw the plea as of right before the district court adopted it. In order to establish such a violation, a defendant must show that (1) "counsel's performance was deficient" such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

"When faced with a claim of ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003). We decline to review defendant's claim of ineffective assistance of counsel on the inadequate record now before us. Defendant may pursue this claim in a § 2255 petition. See United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003).

---

[2] Defendant does not contend that the district judge abused its discretion in accepting the plea at a time when he could have withdrawn the plea unilaterally and it was evident to the court that he was taking counsel about whether to do so. Accordingly, we have no occasion to address that issue.

For the foregoing reasons, and finding no merit in defendant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK