18-2548-cr
United States v. Christian Cardenas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of April, two thousand twenty.

Present:       DENNIS JACOBS,
               ROSEMARY S. POOLER,
               SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                              18-2548-cr

ROBERT DIAZ, AKA FACEY, AKA FACE,
RENE SANCHEZ, AKA RENNY, PABLO PEREZ,
AKA MENOR, DAVID ALMONTE, AKA ELLI,
ROBERT BOLANOS, AKA RONNY, ROLANDO
PAULINO, AKA SANTANA PAULINO, THERESA KEEFE,
AKA TERRY, NICOLE MUNDERVILLE, AKA NICKI,

                    *Defendants,*


CHRISTIAN CARDENAS, AKA CHRIS,
AKA SPOONIE,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Paul J. Angioletti, Staten Island, N.Y.

Appearing for Appellee:      Jane Kim, Assistant United States Attorney (Elizabeth Hanft, Jason
                             Richman, Daniel B. Tehrani, *on the brief*), *for* Geoffrey S. Berman,
                             United States Attorney for the Southern District of New York,
                             New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Christian Cardenas appeals from the August 7, 2018 judgment entered in the United States District Court for the Southern District of New York (Nathan, *J.*) sentencing him principally to 96 months' imprisonment and 4 years' supervised release. Cardenas was sentenced following a guilty plea to one count of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 841(b)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cardenas argues on appeal that he received ineffective assistance of counsel because his trial attorney conceded that Cardenas's drug distribution resulted in serious bodily injury; failed to investigate the quantity of drugs attributable to Cardenas; and failed to uncover that the government presented false evidence. When faced with a claim of ineffective assistance of counsel on direct appeal, this Court may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [motion] . . . pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before [the Court]." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Ordinarily, "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003). This is because "a trial record [is] not developed precisely for the object of litigating or preserving the [ineffective assistance] claim and [is] thus often incomplete or inadequate for this purpose." *Massaro*, 538 U.S. at 504-05.

We decline to hear Cardenas's claims because they are not fit for direct appellate review. Cardenas faults his attorney's decision not to challenge the quantity of drugs attributable to him, but he could very well have had strategic reasons for that decision. Our Court is ill-equipped to address claims of this nature on direct appeal, without trial counsel having had an opportunity to explain his choices. *See Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (explaining that, "except in highly unusual circumstances," a lawyer charged with ineffectiveness should be given "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs"). Accordingly, we dismiss Cardenas's claims without prejudice.

We have considered the remainder of Cardenas's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk