19-1419-cr(L); 19-1451-cr(CON)
*United States v. Crumble*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

UNITED STATES OF AMERICA,

*Appellee,*                                19-1419-cr(L); 19-1451-cr(CON)

v.

MICHAEL CRUMBLE, RAMELL MARKUS AKA RAH,
AKA DOLLAH, AKA SMOOTH,

*Defendants-Appellants,*

TYRONE BURCH, AKA MURDER,

*Defendant.*[*]

FOR APPELLEE:                          BENJAMIN WEINTRAUB, Assistant United
States Attorney (Amy Busa, Lindsay K.

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

1

Gerdes, and Keith D. Edelman, Assistant United States Attorneys, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANTS-APPELLANTS:           MATTHEW B. LARSEN, Federal Defenders of New York, Appeals Bureau, New York, NY, *for Michael Crumble.*

STEVEN Y. YUROWITZ, Newman & Greenberg LLP, New York, NY, *for Ramell Markus.*

Appeals from an order and judgments of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and hereby are **AFFIRMED**.

Michael Crumble and Ramell Markus (together, "Defendants") appeal their respective judgments of conviction and their sentences. Defendants were indicted for kidnapping and committing physical violence against Daniel Nieves to obtain drugs and money. They were convicted after a jury trial of kidnapping conspiracy, 18 U.S.C. § 1201(c), kidnapping, *id.* § 1201(a)(1), and committing physical violence in furtherance of an extortion, *id.* § 1951(a). They were acquitted of using, carrying, and possessing a firearm. *Id.* § 924(c). Markus was given a below-guidelines sentence of 180 months' incarceration, to be followed by five years of supervised release. Crumble was given a below-guidelines sentence of 108 months' incarceration, followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Initially, we decline to consider Markus's argument that his counsel was constitutionally ineffective. Consistent with our "baseline aversion to resolving ineffectiveness claims on direct review," Markus may pursue this claim by bringing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (indicating that we may address an ineffective assistance claim on direct appeal by (1) declining to hear the claim in favor of a § 2255 petition, (2) remanding to the district court for factfinding, or (3) deciding the claim on the record before us, and stating that "in most cases a motion brought under § 2255 is preferable to direct appeal").

Next, we reject Defendants' argument that the record demonstrates they committed robbery, not extortion. Defendants argue that no "rational trier of fact could have found . . . beyond a

reasonable doubt" that Defendants obtained drugs and money from Nieves "with his consent." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); 18 U.S.C. § 1951(b)(2) (defining "extortion" to require the victim's consent). But a rational trier of fact could find that Nieves gave consent when he "agreed to give [Defendants] the money and drugs" and called his fiancée to instruct her to gather these things for pickup. *See* Trial Tr. 77, 213–15, 333. Further, both cases Defendants cite are distinguishable, as they involved "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual . . . force." 18 U.S.C. § 1951(b)(1) (defining "robbery").[1] And witnesses' scattered references to Defendants' acts as a "robbery" need not have been dispositive to a rational trier of fact.

We likewise reject Defendants' challenge to the District Court's finding that Nieves suffered "injury involving extreme physical pain," which resulted in a guidelines enhancement. *See* U.S.S.G. §§ 2A4.1(b)(2)(B) (enhancing a sentence for kidnapping where "the victim sustained serious bodily injury"), 1B1.1, comment (n. 1(M)) (defining "[s]erious bodily injury" to include "injury involving extreme physical pain"). We accept such findings of fact "unless they are clearly erroneous," which means that "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (citations omitted). Here we are left with no such conviction. The District Court's findings were amply supported by Nieves's testimony that he was pistol whipped, struck over the head by a glass that shattered, and burned on both arms with an iron, combined with the photos of Nieves's injuries and scars present many months later in court.

We have reviewed all of the arguments raised by Defendants on appeal and find in them no basis to disturb the judgments of the District Court. For the foregoing reasons, we **AFFIRM** the May 3, 2019, order and the May 3, 2019, and May 6, 2019, judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] *See United States v. Zhou*, 428 F.3d 361, 376 (2d Cir. 2005) (noting that a defendant "hit [the victim] in the head, grabbing the chain from around his neck, and the gang fled"); Brief for Appellee at 8–10, *United States v. Delva*, 858 F.3d 135 (2d Cir. 2017) (No. 15-683), 2016 WL 406454 (describing the government's theory that the defendants beat and restrained the victim, who was "carrying a box containing six pounds of marijuana," and that the victim "later discovered that approximately six pounds of marijuana . . . had been stolen").